FRED GROENHOFF, Appellee, v. WILLIAM WHISLER, Appellant.

ANIMALS: Running at Large—Extraordinary and Unlooked-For Accident—Liability of Owner. A person who voluntarily takes possession and control of domestic animals (a steer and a heifer) running at large, and places the same in his own yards with his own stock, assumes thereby the duties of a bailee, chargeable with reasonable care and control. One of his own animals being accidentally killed in an ordinary scuffle with one of such animals, which scuffle was witnessed by the plaintiff and could have been prevented by him, no right to damages accrued to the plaintiff as against the defendant owner, there being no showing of vicious-propensity in defendant's animal and no showing of negligence on the part of the defendant.

Headnote 1: 3 C. J. p. 82 (Anno.)

*Appeal from Hardin District Court.*—R. M. WRIGHT, Judge.

MARCH 17, 1925.

ACTION at law for damages caused by the live stock of the defendant while the same were running at large, contrary to law. The answer was, in substance, a general denial and a plea that the damage, if any, was wholly the result of accident, and without fault on the part of the defendant. The jury rendered a verdict for the plaintiff, upon which judgment was duly entered. The defendant appeals.—*Modified and affirmed on condition.*

*William Whisler* and *W. R. Williams,* for appellant.

*Lundy, Peisen & Soper,* for appellee.

EVANS, J.—The petition was in two counts. The first count claimed $21 as the value of feed consumed by the defendant's stock. The second count claimed $250 as the value of a bull alleged to have been killed by one of the defendant's animals. A general verdict was rendered for $193.65.

It appears from the record that the defendant was the owner of a certain two-year-old steer and a yearling heifer, which escaped from his premises on January 2, 1922, and were later found on the same day by the plaintiff upon his own premises. The plaintiff alleged in his petition that he took possession of them, not knowing to whom they belonged. They remained in his possession for 21 days. The plaintiff had upon the same premises a valuable bull. It is alleged that, on the third day of such possession, the steer killed the bull. The value of this bull is claimed as a measure of damage under the second count. The principal controversy between the parties is upon this count. The plaintiff's petition was noncommittal as to whether he took and held possession of the cattle as estrays, or whether he took such possession by way of distraint. The defendant, as appellant here, presents the plausible contention that the plaintiff, having taken possession of the defendant's cattle, assumed the duties of a bailee, and as such had control of the bailment. The alleged killing of the bull took place while the steer was in the possession of the plaintiff as such bailee, and while the plaintiff himself watched the fight. There is no claim that the steer was

vicious in his nature, or that he had ever killed a bull before. He was hornless. The bull was slightly less than two years of age, but weighed 900 pounds, and had his natural quota of horns. The achievement of the steer was quite unexpected on the part of the plaintiff, and was perhaps never excelled in bovine annals. We are unfavorably impressed with this branch of plaintiff's case.

At the close of the evidence, the defendant moved for a directed verdict on each count of the petition. His motion was overruled, and both counts were submitted to the jury. We think that the motion should have been sustained as to the second count. After the plaintiff took possession of the steer, the animal was no longer running at large. The plaintiff rightfully assumed temporary control over him, and became charged with the same duty of reasonable care as any bailee. Reasonable care included reasonable control of the animal. The defendant was not in control of him. There is no claim that the animal had vicious propensities, unknown to the plaintiff. The accident to the bull happened in an ordinary scuffling fight between two animals that had not previously met. The plaintiff was himself an observer of the contest. He regarded it as what it doubtless was,—a harmless pastime; and made no effort to stop it. The result of it was extraordinary, and not to be anticipated. The claim of the plaintiff is that in some way the bull's neck was broken. This evidence is not predicated upon any expert opinion. The plaintiff and his brother made an examination and reached such conclusion, and they are the witnesses to such fact. Whether the diagnosis be correct or otherwise is not very material. It is certain that the bull fell to the ground and died.

If no blame is to be attached to plaintiff, who at the time was in control of both animals, upon what theory can blame be put upon the defendant, as the owner of the lost steer? Even if we should assume that the owner of an animal is liable, as such, to persons sustaining injury therefrom, yet such liability could not arise in favor of the bailee of the animal, through whose failure of control the injury resulted.

We deem it clear that the plaintiff was not entitled to charge the loss of his bull against the defendant, under the circum-

stances here shown. The evidence of the plaintiff shows that he was entitled to a maximum of $21 for the care and feed of the animal during the time that he had it.

If the plaintiff shall elect, within thirty days, to remit that part of his judgment in excess of $21 and interest thereon, the judgment will be modified and affirmed accordingly; otherwise, the case must be reversed and remanded. The question of costs in this court in the event of a remittitur will be considered upon motion of either party.—*Affirmed on condition; otherwise reversed.*

FAVILLE, C. J., and ARTHUR and ALBERT, JJ., concur.